UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS P. MARTINO and
KAREN R. MARTINO,

    Plaintiffs,

v.                              Case No: 8:15-cv-00979-CEH-MAP

FEDERAL NATIONAL MORTGAGE
ASSOCIATION a/k/a FANNIE MAE;
NATIVE PROPERTIES OF FLORIDA,
LLC; AND WESTERN PROPERTIES,
INC.,

    Defendants.
_____/

## **O R D E R**

This matter comes before the Court upon Defendant Federal National Mortgage Association's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 27), and Plaintiffs' response thereto (Doc. 28). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint.

**I.    Facts Alleged by Plaintiffs[1]**

Sam and Alana Martino became owners of the real property at issue, 3203 E. De Bazan Avenue, St. Pete Beach, Florida, identified as Parcel Number, 07-32-16-21852-018-0020 (the "Front Parcel") and 07-32-16-21852-018-0021 (the "Rear Parcel"), (jointly the "Real Property"), per a Special Warranty Deed dated December 14, 2006. Doc. 22 ¶¶ 12, 13. Sam and Alana Martino granted a life estate in the Rear Parcel to Plaintiffs, Thomas P. Martino and Karen R. Martino (the

---

[1] The following statement of facts is derived from Plaintiffs' Amended Complaint (Doc. 22), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

"Martinos"), who are Sam Martino's parents, pursuant to a Quitclaim Deed, dated December 14, 2006. *Id.* at ¶ 15. The life estate was terminated on Feb. 20, 2007, pursuant to a Quitclaim Deed. *Id.* at ¶ 15. In place of the life estate, Sam and Alana Martino are the grantors—and the Martinos are the grantees—of an Easement, dated October 1, 2007 (the "2007 Easement"). *Id.* at ¶ 16. The 2007 Easement grants the Martinos "an exclusive easement across, under, over and through the [Rear Parcel] to alter, construct, install, maintain, repair, replace or relocate landscaping and facilities of any type and for any purpose within the [Rear Parcel] (the "Facilities"), together with an exclusive easement for ingress, egress, and use of the [Rear Parcel] for any purpose." *Id.* at ¶ 17.

The 2007 Easement provides that the "terms and conditions of this [easement] shall be deemed to be covenants that run with the Grantor's Property and shall bind and inure to the benefit of the successors and assigns of Grantors and Grantees." *Id.* at ¶ 18. The 2007 Easement also provides that "[i]n connection with any litigation . . . arising out of or related to this [easement], the prevailing party shall be entitled to recover reasonable attorney's fees and costs from the other party." *Id.* at ¶ 19. The Martinos improved the Facilities as an in-law suite and at all times material to this action, another one of their sons, Andrew Martino, occupied the in-law suite as his primary residence. *Id.* at ¶ 20.

On December 3, 2007, Sam and Alana Martino executed and delivered an Indenture (the "First Mortgage") to Western Properties. *Id.* at ¶ 21. Then, on February 25, 2008, Sam and Alana Martino executed and delivered a Mortgage (the "Second Mortgage") to Countrywide Bank, FSB ("Countrywide"). *Id.* at ¶ 22. Countrywide assigned the Second Mortgage to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("BAC"). *Id.* at ¶ 23. BAC obtained a Uniform Final Judgment of Foreclosure entered in Case No.: 52-2009-CA-022053 in the Circuit

Court for the Sixth Judicial Circuit of Florida (the "Foreclosure Judgment"), and a copy was recorded on August 16, 2011. *Id.* at ¶ 24. BAC did not name the Martinos as defendants in the foreclosure action and did not foreclose the 2007 Easement. *Id.* at ¶ 26. On or about October 17, 2014, BAC assigned the Foreclosure Judgment and credit bid to Defendant Federal National Mortgage Association, a/k/a Fannie Mae ("Fannie Mae") pursuant to an Assignment of Judgment and Foreclosure Sale Credit Bid. *Id.* at ¶ 28. Fannie Mae became the owner of the Real Property on December 4, 2014, pursuant to a Quit Claim Deed. *Id.* at ¶ 29.

Fannie Mae attempted to evict Andrew Martino from the in-law suite on the Rear Parcel. *Id.* at ¶ 30. On or about October 1, 2014, Native Properties, Fannie Mae's assigned real estate agent, posted on the in-law suite that Fannie Mae was the owner of the Real Property and the occupant, Andrew Martino, could either rent or relocate. *Id.* at ¶ 32. Also, Native Properties' manager and Fannie Mae's agent, Mr. Victor Neavins, told Andrew Martino that he must vacate the in-law suite. *Id.* at ¶ 33. On or about October 3, 2014, Andrew Martino provided Mr. Neavins with a copy of a letter detailing his right to occupy the in-law suite, which contained a copy of the 2007 Easement. *Id.* at ¶ 34.

Fannie Mae reopened the 2009 foreclosure action on February 10, 2015, to evict Andrew Martino. *Id.* at ¶ 37. On February 27, 2015, Fannie Mae obtained a Writ of Possession without (1) informing the court that it had not foreclosed the 2007 Easement or (2) providing notice to Andrew Martino or his parents, the Martinos. *Id.* at ¶ 38. On or about March 25, 2015, Fannie Mae entered the in-law suite in the presence of a Pinellas County Sheriff's Office sergeant. *Id.* at ¶ 40. Later, Fannie Mae's counsel cancelled the writ until they were able to "review the file and determine how to proceed." *Id.* at ¶ 42.

## II. Standard of Review

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

When, as here, documents are attached as exhibits to the pleading, those documents are considered a part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c). If there is a conflict between the complaint and the supporting documents, the information contained in the supporting documents controls. *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005).

## III. Analysis

Plaintiffs' Amended Complaint (Doc. 22) ("the Complaint") asserts two counts: Count I for declaratory judgment and Count II for damages for interference with the 2007 Easement.

### A. Count I: Declaratory judgment

Defendants argue that Count I fails to state a declaratory judgment claim because there is not an "actual, present" need for declaration. Doc. 27 at p. 4. Specifically, because Fannie Mae cancelled the writ of possession issued for the subject property, defendants argue there is no actual and present need for a declaration and thus the issues should be determined in an action at law. *Id*.

4

Plaintiffs respond that the cancellation of the writ of possession does not eliminate the present need, stating that Fannie Mae entered the subject property nineteen days after the first Complaint was filed and it only cancelled the writ until it was able to "review the file and determine how to proceed." Doc. 28 at p. 5 (citing Doc. 22 at ¶¶ 40, 42).

The declaratory judgment act's purpose is to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations, and it is to be liberally administered and construed. *See* Florida Statutes § 86.01 (2015); *Coal. for Adequacy & Fairness in Sch. Funding, Inc. v. Chiles*, 680 So.2d 400, 404 (Fla. 1996); *Santa Rosa County v. Administration Commission, Division of Administrative Hearings,* 661 So.2d 1190, 1192 (Fla.1995);*X Corp. v. Y Person*, 622 So.2d 1098 (Fla. 2d DCA 1993); *Bell v. Associated Independents, Inc.*, 143 So.2d 904, 908 (Fla. 2d DCA 1962). Nonetheless, the granting of such relief is discretionary. *North Shore Bank v. Town of Surfside*, 72 So.2d 659, 661-62 (Fla. 1954); *Garner v. De Soto Ranch, Inc.*, 150 So.2d 493, 495 (Fla. 2d DCA 1963), *cert. denied*, 156 So.2d 860 (Fla. 1963).

Under Florida law, to establish a claim for declaratory judgment a party must show (1) that "there is a *bona fide*, actual, present practical need for the declaration"; (2) that the requested declaration relates to "a present, ascertained or ascertainable state of facts or present controversy as to a state of facts"; (3) "that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts"; (4) "that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest[s] are all before the court by proper process or class representation"; and (5) "that the relief sought is not merely

giving of legal advice by the courts or the answer to questions propounded from curiosity." *Santa Rosa County*, 661 So.2d at 1192–93 (quoting *Martinez v. Scanlan,* 582 So.2d at 1170).

Defendant has only taken issue with the first factor: the requirement that Plaintiffs allege an "actual, present" need for a declaration. Doc. 27 at pp. 4-5. Defendant argues there is no such need because Fannie Mae cancelled the writ of possession. *Id.* (citing Doc 22, ¶ 42). Indeed, parties making a declaratory judgment claim must allege their rights are likely to be burdened in the future or that they are likely to be subject to future injury. *See Walden v. Centers for Disease Control and Prevention*, 669 F.3d 1277, 1284 (11th Cir. 2012) (stating that "a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future"). This requirement assures that declaratory judgment actions are not used to obtain advisory opinions. *Kelner v. Woody*, 399 So.2d 35, 38 (Fla. 3d DCA 1981) (citing *May v. Holley*, 59 So.2d 636 (Fla. 1952); *Deen v. Weaver*, 47 So.2d 539 (Fla. 1950)). Instead, in keeping with the "cases" and "controversies" requirement of Article III, a plaintiff must allege facts from which a continuing dispute may be reasonably inferred. *See Malowney v. Fed. Collection Deposit Crp.*, 193 F.3d 1342, 1347 (11th Cir. 1999); *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cri. 1985). The controversy cannot be "conjectural, hypothetical, or contingent" but rather "real and immediate, and create a definite, rather than speculative threat of future injury." *Emory*, 756 F.2d at 1552.

The Martinos have alleged facts that support a substantial likelihood of non-speculative, future injury. Specifically, Plaintiffs have alleged that Fannie Mae entered the subject property—with a sergeant from the Pinellas County Sheriff's Office—nineteen days after the first Complaint in the instant action was filed. Doc. 22 at ¶ 40. Plaintiffs further alleged that Fannie Mae only cancelled the writ of possession after the Plaintiffs retained counsel to negotiate, on an emergency basis, the execution of the writ. *Id*. at ¶ 41. Also, Fannie Mae only cancelled the writ until its

6

counsel was able to "review the file and determine how to proceed." *Id.* at ¶ 42. These allegations undermine Defendant's argument that the facts do not support an "actual, present" need for declaration, and they permit the Court to draw the reasonable inference that there is a non-speculative likelihood of future injury. The Court therefore denies Defendant's motion to dismiss Claim I for failure to state a declaratory judgment claim.

### B. Count II: Damages for Interference with the 2007 Easement

Defendant argues that Plaintiff's second claim—an Action for Damages for Wrongful Interference—is not a proper cause for action as it ignores the distinctions between a "cause of action" and damages. Doc. 27 at pg. 5. Defendant argues this claim should be dismissed because, even if the Martinos were attempting to assert a "cause of action for wrongful interference," they failed to do so. *Id.* at pg. 6. Citing *McIntosh v. Harbour Club Villas Condo. Ass'n.,* 468 So. 2d 1075, 1079 (Fla. 3d DCA 1985), Defendants state that the elements of a cause of action for wrongful interference are: "(1) the existence of a contract; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the contract's breach; (4) the absence of any justification or privilege; and (5) damages resulting from the breach."

However, a cause of action for interference with an easement has been recognized by Florida courts.

> While any unprivileged interference with an actual use or one desired to be made under an easement is actionable, not every interference with the mere privilege of use is actionable. An interference with the privilege of use as contrasted with interference with an actual use must be of such a character as to have the potentiality of an interference with some possible future actual use. This potentiality may consist in interferences of such a permanent character that they may reasonably be expected to continue until they will interfere with an actual use desired to be made, or it may consist in interferences of such a character that, if permitted to continue unchallenged, they may have the effect of obscuring the title to the easement. Upon proof of such an interference, the owner

> of an easement is entitled to recover nominal damages without proof
> of actual harm.

*Kitzinger v. Gulf Power Co.*, 432 So. 2d 188, 194 n.3 (Fla. 4th DCA 1983). The allegations here support a claim for an interference with actual use, which would entitle Plaintiff to at least nominal damages. Here, Plaintiffs seek actual damages for, *inter alia*, loss of work, matters relating to the assertion of their 2007 Easement rights, emergency efforts to prevent Andrew's wrongful eviction, and attorneys' fees and costs arising out of this action.

Furthermore, Plaintiffs have pleaded facts to support the elements of interference suggested by Defendant. The 2007 Easement shows the existence of a contract and Plaintiffs made Defendant aware of the contract. Plaintiffs also allege defendant's intentional procurement of the contract's breach wherein Defendant sent both its real estate agent and the Pinellas County Sheriff to interfere with the Martinos' easement rights without any justification or privilege. Finally, Plaintiffs have alleged damages resulting from the breach. Therefore, the Court will deny the Defendant's motion to dismiss Claim II.

      **C.**    **Demand for Attorneys' Fees**

Defendant seeks to strike Plaintiffs' demand for attorneys' fees, arguing that no basis for such an award has been cited. However, Plaintiffs do cite the 2007 Easement, which contains a provision for an award of attorneys' fees. *See* Doc. 22-4 ¶ 8.

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "In order for this Court to grant [a party's] Motion to Strike, [the party] must show that the allegations sought to be stricken likely have no possible relation to the controversy at hand, and that mention of such allegations will likely prejudice the [moving party]." *Fifth Third Bank v. Alaedin & Majdi Invs., Inc.,* Case No. 8:11-CV-2206-T-17TBM, 2012 WL 1137104, 3 (M.D. Fla. April 4, 2012) (citing

*Underwriters at Lloyd's, London v. Osting-Schwinn ex rel. C.O.,* CASE NO.: 8:05-CV-1460-T-17TGW, 2006 WL 1582146, 2 (M.D. Fla. June 5, 2006)). *See also Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla. 1995). No such showing has been made here. Defendant has not provided a legally sufficient basis for the Court to strike Plaintiffs' demand for attorneys' fees. Therefore, the request for fees will not be stricken.

Accordingly, it is hereby

**ORDERED that** Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 27) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on October 29, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any